UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAMELA S. WATKINS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-154

Magistrate Judge Michael J. Newman
(Consent Case)

___

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

___

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 17), the administrative record (doc. 7),[2] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of April 30, 2012. PageID 1916. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, fibromyalgia, migraine headaches, depression, and anxiety. PageID 69.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Lloyd E. Hubler, III on April 16, 2015. PageID 135-80. The ALJ issued a written decision on May 30, 2015 finding Plaintiff not disabled. PageID 242-45. The Appeals Council remanded ALJ Hubler's decision, ordering a reconsideration of whether Plaintiff was disabled for a closed period of disability. PageID 254-55.

On remand, Plaintiff received a hearing before ALJ Gregory G. Kenyon on January 10, 2017. PageID 85-117. ALJ Kenyon issued a written decision on March 23, 2017, again finding Plaintiff not disabled. PageID 66-75. Specifically, ALJ Kenyon found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 70-75.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Kenyon's non-disability finding the final administrative decision of the Commissioner. PageID 58-60. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This March 23, 2017 non-disability finding by ALJ Kenyon (hereinafter "ALJ") is now before the Court for review.

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 66-73), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 17). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). An individual who can perform medium work is presumed also able to perform sedentary and light work. *Id*. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

## II.

**A.  Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.  "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in evaluating her treating-source opinions. Doc. 11 at PageID 1896. As explained more fully herein, the undersigned agrees with Plaintiff's assignment of error.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a

unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

Here, Plaintiff's family physician, John Sefton, D.O., authored an opinion on December 2, 2013 concluding that "it would be very difficult for [Plaintiff] to get and maintain a job at this point -- she would miss as many days as she was there." PageID 1004. Consistent with his December opinion, Dr. Sefton again issued an opinion on March 17, 2015. PageID 1491-98. Based on his twenty years of treating her for, *inter alia*, depression, migraines, and anxiety, Dr. Sefton opined that Plaintiff was unable to be prompt and regular in attendance "due to migraines"; respond appropriately to supervision, co-workers, and customary work pressures "due to her anxiety and depression"; withstand the pressure of meeting normal standards of work productivity and accuracy without significant risk of decompensation; sustain attention and concentration at work; behave in an emotionally stable manner due to "frequent anxiety/depressive episodes"; demonstrate reliability; or complete a normal work day and work week without interruption from her impairments. PageID 1491-97. Ultimately, Dr. Sefton found that Plaintiff had "marked"[5] limitations in maintaining social functioning and in concentration, persistence and pace resulting in a failure to complete tasks in a timely manner. PageID 1498.

The ALJ afforded Dr. Sefton's opinions "little weight." PageID 70. Initially, the undersigned notes that -- despite acknowledging that Dr. Sefton was Plaintiff's family physician -- the ALJ erred in neglecting to explicitly recognize him as a "treating source." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 442 (6th Cir. 2010). The ALJ also erred in failing to mention the applicable concept of controlling weight, analyze the controlling weight factors, or specifically decline to give Dr. Sefton's opinions controlling weight. PageID 70-71. As noted by this Court on numerous occasions, such a failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted,* No. 3:18-CV-8, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018). Instead, the ALJ focused on the supportability and specialty factors set forth in 20 C.F.R. §§ 404.1527(c)(4) and (5), both of which apply only after an ALJ specifically declines to afford a treater's opinion controlling weight. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). Because of the ALJ's error in this regard, the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when analyzing treating source opinions. *See id.* at 376-78.

Additional error lies in the ALJ's assessment that -- because Dr. Sefton was Plaintiff's family physician -- "comment[s] on [Plaintiff's] psychological functioning" was "outside the scope of his medical expertise." PageID 70-71. Dr. Sefton's lack of specialty in psychiatry or psychology does not equate to a lack of qualification to offer mental health opinions -- especially since "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A family physician such as Dr. Sefton is authorized to opine regarding Plaintiff's mental status. *Wert v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 935, 946 (S.D. Ohio 2016); *Byrd v. Comm'r of Soc. Sec.*, No. 3:14-CV-242, 2015 WL 4540575, at *5 (S.D. Ohio May 29, 2015); *King v. Comm'r of Soc. Sec.*, No. 3:14-CV-351, 2016 WL 1729550, at *6 (S.D. Ohio Mar. 28, 2016).

The ALJ's error is more glaring when considering two additional factors. First, the only other treater of record lends support to Dr. Sefton's opinions. Specifically, Otto R. Dueno, M.D. opined that Plaintiff would be absent more than three times a month; had marked limitation in concentration, persistence or pace resulting in a failure to complete tasks in a timely manner; and also had "marked"

limitations in episodes of deterioration or decompensation in work. PageID 1458. Dr. Dueno supported his opinion with clinical findings, including depressed, anxious mood; difficulty with attention and concentration; and an inability to complete tasks. PageID 1457. His prognosis was guarded. *Id.*

Second, the ALJ's intense scrutiny of Dr. Sefton's opinions is glaring in light of the perfunctory analysis given to the opinions of the state agency's record reviewing physicians. *Gayheart*, 710 F.3d at 379 (holding that ALJs are prohibited from applying greater scrutiny to the opinions of treating physicians than non-treaters). The ALJ granted these non-treating opinions "moderate weight" without any explanation or consideration of the enumerated factors in listed in 20 C.F.R. § 404.1527. PageID 71. Such an omission contravenes the explicit instructions of the Commissioner's own regulations and rulings, which require the ALJ to weigh the opinions of non-treating physicians under the delineated factors, including supportability, consistency, and specialization. *See* 20 C.F.R. §§ 404.1527(d), (f); Social Security Ruling 96-6p, 1996 SSR LEXIS 3, at *5. This error alone merits reversal. *Capps v. Astrue*, No. 3:11-cv-182, 2012 U.S. Dist. LEXIS 58281, at *24-25 (S.D. Ohio Apr. 26, 2012) (finding reversible error where the ALJ failed to mention the regulatory factors, including supportability, consistency, and specialization); *Broyles v. Astrue*, No. 3:11-cv-179, 2012 U.S. Dist. LEXIS 70150, at *22-23 (S.D. Ohio May 21, 2012) (same); *Heatherly v. Astrue*, No. 3:11-cv-438, 2012 U.S. Dist. LEXIS 162638, at *25-26 (S.D. Ohio Nov. 14, 2012) (reversing where "[t]he ALJ's decision neither considers nor mentions the supportability or consistency of [the examining physician's] opinion and does not refer to any other factor, when discussing this physician's opinion").

Having failed to properly conduct a controlling weight analysis of the treating-source opinions, and applying a lesser scrutiny to the non-treating source opinions, the non-disability finding by the ALJ here at issue must be reversed.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

In this case, the ALJ's errors merit reversal for an immediate award of benefits because proof of disability is strong and opposing evidence lacks substance. As noted above, there are opinions from two treating physicians -- both of which preclude work or are more restrictive than the ALJ's RFC finding -- and, together, they establish Plaintiff's entitlement to benefits. *See* PageID 1004, 1456-68, 1491-98. Further, the undersigned is disinclined to remand in light of the two administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further and unnecessarily delay this case filed six years ago. Accordingly, because no factual issues remain and the record demonstrates Plaintiff's entitlement to benefits, remand for an immediate award of benefits should occur. *Ellis v. Comm'r of Soc. Sec.*, No. 3:15-CV-137, 2016 WL 463359, at *2 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted*, No. 3:15-CV-137, 2016 WL 828144 (S.D. Ohio Feb. 26, 2016).

**V.**

**IT IS THEREFORE ORDERED THAT:** (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case is **CLOSED**.

**IT IS SO ORDERED.**


Date:   7/29/2019                                         s/ Michael J. Newman                   
                                                                      Michael J. Newman
                                                                      United States Magistrate Judge