UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAMELA WATKINS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-154

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR AN ATTORNEY'S FEE AWARD UNDER 42 U.S.C. § 406(b) (DOC. 24); (2) AWARDING PLAINTIFF'S COUNSEL $14,587.25 IN FEES; AND (3) DIRECTING PLAINTIFF'S COUNSEL TO REFUND TO PLAINTIFF, WITHIN FOURTEEN DAYS, THE EAJA FEE PREVIOUSLY AWARDED TO COUNSEL**

---

On July 29, 2019, the Court reversed the ALJ's non-disability finding and remanded this case to the Commissioner under 42 U.S.C. § 405(g) for an immediate award of benefits. Doc. 20. Thereafter, Plaintiff's counsel sought, and was awarded in this Court, attorney's fees in the amount of $3,300.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docs. 22, 23. Plaintiff's counsel now moves for an award of attorney's fees in the amount of $14,587.25 under 42 U.S.C. § 406(b). Doc. 24. The Commissioner has not responded to Plaintiff's counsel's motion, and the time for doing so has expired. Accordingly, the motion is deemed unopposed.

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1),

1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Two attorneys working on Plaintiff's behalf represent working a total of 22.30 hours before this Court: attorney Rake worked a total of 8.8 hours; and attorney New worked a total of

13.5 hours.  Doc. 24 at PageID 1973-74.  Counsel's requested fee of $14,587.25, divided by the 22.30 hours spent working on the case, results in a hypothetical hourly rate of $654.14, which does not constitute a windfall for two reasons.  First, the requested fee is far less than the 25% statutory cap set forth in § 406(b), *i.e.*, $20,361.09.[1]  Second, in light of the skills and experience of counsel, the hypothetical hourly rate is less than twice the standard rate.  *See Finch v. Comm'r of Soc. Sec. Admin.*, No. 3:16-cv-241, 2019 WL 6167087, at *3 (S.D. Ohio Nov. 20, 2019) (finding "the standard hourly rate approaches $800.00 per hour" for counsel who has greater than 20 years of experience representing Social Security clients).  Accordingly, the Court finds -- without dispute and based upon the materials submitted in support of Plaintiff's motion -- the requested fee and resulting hypothetical hourly rate are reasonable.

Based upon the foregoing: (1) Plaintiff's unopposed motion for a § 406(b) fee award (doc. 24) is **GRANTED**; (2) Plaintiff's counsel are **AWARDED** the requested sum of $14,587.25 in attorney's fees; (3) Plaintiff's counsel are **ORDERED** to reimburse to Plaintiff, within **FOURTEEN (14) DAYS**, the EAJA fee previously awarded to counsel; and (4) as no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date:   April 15, 2020                                         s/Michael J. Newman
                                                                              Michael J. Newman
                                                                              United States Magistrate Judge

---

[1]  Plaintiff received past-due benefits totaling $81,444.35; and 25% of that amount equals $20,361.09.  *See* Doc. 24 at PageID 1969.